JAMES GUERTLER, Indiv. and as Sole Surviving Partner of C & G Building Rental Partnership, Plaintiff-Appellee, v. BARLOW WOODS, INC., Defendant-Appellant (Albert Cavazos *et al.*, Defendants).

First District (2nd Division)   No. 1—91—1301

Opinion filed June 9, 1992.

Musette H. Vogel, of Burr Ridge, Jerry Boose, of Shearer, Blood, Agrella, Boose & McGuirk, of St. Charles, and Grossman, Mitzenmacher & Schechter, of Chicago (Jeffrey S. Heuer, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Keith D. Parr and Brian T. Garelli, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Barlow Woods, Inc. (Barlow Woods), appeals the circuit court's grant of summary judgment in favor of plaintiff, James Guertler. At issue is whether (1) the automatic stay in a bankruptcy action prevents revival of a judgment lien or tolls the statutory seven-year renewal period, and (2) a valid judgment lien originally encumbered the subject real estate.

Guertler filed a complaint in the circuit court of Cook County on July 3, 1990, against Albert Cavazos, Barlow Woods, and others, seeking to wind up the affairs of the C & G Building Rental Partnership (partnership), adjudicate the validity of liens against the partnership property, and quiet title to that property in Guertler's name. The pleadings establish that Guertler and Cavazos formed the partnership in 1972, and, in the following year, purchased real estate in Streamwood, Illinois (the real estate), which was conveyed to "ALBERT CAVAZOS AND JAMES GUERTLER, AS TENANTS IN COMMON." The real estate allegedly was acquired through capital contributions made to the partnership by Guertler; Cavazos did not contribute any capital toward its purchase. A restaurant was constructed on the real estate in 1973 and leased by the partnership between August 1, 1975, and December 7, 1981. During that time, the real estate and building were the sole assets of the partnership.

On August 12, 1979, Barlow Woods made an unsecured loan, evidenced by a promissory note, to Cavazos, individually, which Cavazos failed to repay. On April 1, 1981, Barlow Woods obtained a judgment by confession on the note in the circuit court of Du Page County against Cavazos individually for $120,801.27. A memorandum of that judgment was recorded in Cook County on April 8, 1981.

Cavazos filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code (Code) (11 U.S.C. §1101 et seq. (1982)) on December 7, 1981, which later was converted to a proceeding under chapter 7 (11 U.S.C. §701 et seq. (1982)). On July 21, 1982, Barlow Woods filed proof of an unsecured claim for $120,301.27 plus interest in Cavazos'

bankruptcy proceeding. Cavazos was granted a discharge in bankruptcy on September 9, 1982.

On February 28, 1989, Guertler filed a motion in bankruptcy court seeking to lift the automatic stay in Cavazos' bankruptcy action so that he could proceed to quiet title to the Streamwood real estate in his name. The motion was denied by the bankruptcy judge on November 21, 1989, however, because there remained for determination the issue of whether the real estate was "partnership property or is owned in common," since the estate succeeds to Cavazos' interest in the partnership which "cannot be considered as lost forever." Subsequently, a successor trustee was appointed to Cavazos' bankruptcy estate, who filed an adversary complaint in the bankruptcy proceeding, seeking either to sell the real estate or dissolve the partnership and distribute the proceeds. For whatever reasons may have existed, but are not of record here, the bankruptcy judge *sua sponte* dismissed the trustee's adversary proceeding and the underlying chapter 7 action on April 23, 1990.

Guertler thereafter filed the July 3, 1990, complaint first mentioned. Barlow Woods was the sole defendant to answer the complaint in the circuit court. Guertler filed a motion for summary judgment against Barlow Woods, seeking a determination that Barlow Woods' lien against the real estate was "null, void and unenforceable, and cannot be revived." Barlow Woods responded with a memorandum and exhibits. The summary judgment motion was granted on March 15, 1991. Defaults were entered against all other defendants. Barlow Woods filed its notice of appeal on April 10, 1991. Thereafter, Guertler filed his affidavit supporting the prove up of defaults with 22 attached exhibits. A final judgment was entered on May 7, 1991, quieting title to the real estate in Guertler's name.

■ Barlow Woods argues that the circuit court erred in finding that its judgment lien expired by operation of law. A judgment is a lien on the real estate of the individual against whom it is entered. (Ill. Rev. Stat. 1987, ch. 110, par. 12—101.) As a limitation on enforcement of liens, however, the statute provides, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same." (Ill. Rev. Stat. 1987, ch. 110, par. 12—108(a).) Barlow Woods perfected its lien on April 8, 1981, by recording its judgment against Cavazos in Cook County, and did not attempt to revive that judgment within seven years thereafter. Nevertheless, it is contended by Barlow Woods that any attempt to revive a judgment lien would have violated the automatic stay which became operative with the filing of Cavazos' bankruptcy or, al-

ternatively, that the automatic stay tolled the seven-year period during which the judgment could be renewed. Guertler responds that the judgment expired by operation of law and was not affected by the automatic stay.

■ Generally, State law defines property rights in the assets of a bankrupt's estate and is suspended only to the extent of actual conflict with the Code. (*Butner v. United States* (1979), 440 U.S. 48, 54-55, 59 L. Ed. 2d 136, 141, 99 S. Ct. 914, 917-18.) Absent an actual conflict, the lienholder's interest is analyzed no differently than would occur otherwise if bankruptcy proceedings were not in progress. *Butner*, 440 U.S. at 55, 59 L. Ed. 2d at 141, 99 S. Ct. at 918.

■ The filing of a bankruptcy petition stays "any act to create, perfect, or enforce any lien against property of the estate." (11 U.S.C. §362(a)(4) (1982).) Barlow Woods claims that acts to continue or renew liens violate the automatic stay and are of no effect. The cases cited in support of that proposition, however, are inapposite, as they do not involve the revival of judgment liens, but hold that a continuation statement under the Uniform Commercial Code need not be filed by a creditor to maintain his secured status during the pendency of a debtor's bankruptcy proceeding. See *In re Chaseley's Foods, Inc.* (7th Cir. 1983), 726 F.2d 303; *In re Bond Enterprises, Inc.* (D.N.M. 1985), 54 Bankr. 366; *In re Funding System Asset Management Corp.* (W.D. Pa. 1984), 38 Bankr. 351.

■ A revival of a judgment is not the creation of a new judgment, but merely a continuation of that being revived. (*Bank of Edwardsville v. Raffaelle* (1942), 381 Ill. 486, 488, 45 N.E.2d 651; *Farmers State Bank v. Hansen* (1990), 196 Ill. App. 3d 295, 297, 553 N.E.2d 751.) The lien is not enlarged by a judgment's revival, and the property of the estate available to general creditors is not threatened; indeed, extension under Illinois law merely allows the lienholder to maintain the status quo. (See *In re Morton* (2d Cir. 1989), 866 F.2d 561, 564 (*Morton*).) An attempt by Barlow Woods to revive its judgment against Cavazos in State court, therefore, could not have violated the automatic stay. *Morton*, 866 F.2d at 564-65; *Barber v. Emporium Partnership* (Utah 1990), 800 P.2d 795, 797; see also *In re Willax* (2d Cir. 1937), 93 F.2d 293, 294-95 (mechanic's lien); *United States v. Sayres* (W.D.N.Y. 1984), 43 Bankr. 437, 439 (Federal income tax lien); *In re Houts* (W.D. Mo. 1982), 23 Bankr. 705, 707 (mechanic's lien); but see *In re Thomasson* (W.D. Mo. 1986), 66 Bankr. 503, 505-06.

Barlow Woods also argues that section 108(c) of the Code tolls the expiration of periods governing the life of statutory liens. The Code provides:

"[I]f applicable nonbankruptcy law *** fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor *** and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay *** with respect to such claim." 11 U.S.C. §108(c) (1982).

In *Morton* (866 F.2d 561), the judgment creditor held a judgment lien on the debtor's residential property at the time the debtor filed a petition for bankruptcy. The relevant State law provided that unless extended in State court, a judgment lien on real property expired after 10 years. (See N.Y. Civ. Prac. L. & R. §5203(a) (McKinney 1978).) The judgment creditor contended that section 108(c) extended the time within which the lien could be renewed. Noting that bankruptcy courts were split on the issue of whether section 108(c) tolled the expiration of renewal periods for statutory liens, and no other circuit court had reached the issue to that date, the Second Circuit Court of Appeals held that the language of section 108(c) encompassed the renewal of a statutory lien under State law. The limitation period, therefore, did not expire until the later of (1) the end of such period, or (2) 30 days after notice of the termination or expiration of the stay, as provided by section 108(c). Such an interpretation was in harmony with the purpose of section 108(c), namely, to prevent a debtor from gaining an unfair advantage over a claimant by remaining under the aegis of the automatic stay until the limitation period governing the claimant's action has expired. *Morton*, 866 F.2d at 566-67.

Our supreme court has held that section 108(c) tolls the time within which to commence enforcement of a mechanic's lien. (See *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, 87-89, 457 N.E.2d 422 (*Garbe*).) Further, the majority of cases both prior to and following *Morton* have held that section 108(c) tolls the periods governing the life of statutory liens. (See, *e.g., In re Hunters Run Limited Partnership* (9th Cir. 1989), 875 F.2d 1425, 1427-29 (mechanic's lien); *In re National Oil Co.* (D. Colo. 1990), 112 Bankr. 1019, 1020-22 (mechanic's lien); *In re Chemisphere Partners* (N.D. Ill. 1988), 90 Bankr. 380, 382 (mechanic's lien); *In re Paul* (D. Mass. 1986), 67

Bankr. 342, 346-47 (attachment against real estate); *In re Thomasson* (W.D. Mo. 1986), 66 Bankr. 503, 505-06 (judgment lien); *In re Victoria Grain Co.* (D. Minn. 1984), 45 Bankr. 2, 7 (mechanic's lien); *In re Houts* (W.D. Mo. 1982), 23 Bankr. 705, 707 (mechanic's lien); *In re Design Builders, Inc.* (D. Idaho 1981), 18 Bankr. 392, 395 (mechanic's lien).) We hold, therefore, that section 108(c) tolls the statutory time period for reviving a judgment.

Barlow Woods relies upon *Garbe* (99 Ill. 2d 84, 457 N.E.2d 422) in arguing that the time within which to renew its judgment has yet to expire. There, in order to enforce its mechanic's lien, it was mandatory that plaintiff join both the contractor and the property owners. (See Ill. Rev. Stat. 1979, ch. 82, par. 28.) The contractor, however, had filed for bankruptcy, and the automatic stay precluded plaintiff from proceeding with enforcement for 133 days. The court determined that under section 108(c), plaintiff should have been allowed an additional 133 days following termination of the automatic stay to file suit to enforce its mechanic's lien after the statutory two-year limitation period had expired. *Garbe*, 99 Ill. 2d at 87.

■ Here, Barlow Woods argues that pursuant to *Garbe*, the period for reviving its judgment should be extended by the amount of time during which the renewal period was stayed, or six years and four months after termination of the stay. The plaintiff in *Garbe* was precluded from joining the debtor contractor as a necessary party in an entirely new action until the stay in bankruptcy expired or was terminated. The automatic stay in the present case, however, did not prevent Barlow Woods from reviving its judgment under the relevant Illinois statute, since it was a continuation of a matter already before the bankruptcy court. Further, the *Garbe* court noted that the limitation period in the Illinois Mechanics' Liens Act (Ill. Rev. Stat. 1987, ch. 82, par. 9) "is not an ordinary statute of limitation since it conditions the right to enforce a mechanic's lien and not just the remedy." (*Garbe*, 99 Ill. 2d at 88.) *Garbe*, therefore, is distinguishable.

Barlow Woods perfected its judgment lien on April 8, 1981. Cavazos filed his bankruptcy petition on December 7, 1981. Although the judgment lien normally would have expired on April 8, 1988, the pending bankruptcy proceeding tolled its expiration. Barlow Woods was prohibited from executing on the real estate during the pending bankruptcy proceeding; Cavazos, however, may not eliminate Barlow Woods' judgment simply by filing for bankruptcy at the appropriate time and then allowing the limitation period to run while he remained under the protection of the automatic stay. Section 108(c) gave Barlow Woods 30 days after termination of the stay to revive its judgment.

The bankruptcy action was dismissed on April 23, 1990, and Barlow Woods took no action within the statutory 30-day expiration period to secure its lien against the real estate. Consequently, the judgment lien expired by operation of law under the provisions of section 108(c).

Because Barlow Woods failed to revive its judgment while the automatic stay was in force, or within 30 days after its termination, we need not address the issue of whether a valid judgment lien originally encumbered the subject real estate. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

DiVITO and McCORMICK, JJ., concur.