Lynn A. MEYER and A. Keith Meyer, Appellants,

v.

Joyce D. RAGAR, Respondent.

No. WD 52666.

Missouri Court of Appeals, Western District.

Dec. 17, 1996.

William E. Shull, Liberty, for appellants.

Dale A. Norris, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

BERREY, Judge.

Lynn and Keith Meyer appeal from an order and final judgment reviving a judgment and lien in favor of Joyce Ragar. Appellants claim that the circuit court erred in reviving the judgment lien on appellants' real property after the lien had expired because the underlying judgment, having been discharged in bankruptcy, was extinguished and could not be revived. Appellants contend the judgment was not eligible for revival. Appellants further contend that the Supreme Court rules dictate that the corresponding judgment lien could not be revived as well. Appellants request that the circuit court's ruling be reversed in order to effectuate the purpose of the Bankruptcy Code to provide bankrupts with a "fresh start." Ms. Ragar, relying heavily on *Pruellage v. De Seaton Corp.*, 407 S.W.2d 36 (Mo.App.1966), argues that a judgment is not entirely extinguished in bankruptcy and that, therefore, a judgment lien in effect prior to discharge can be revived and continue against pre-bankruptcy property. Affirmed.

The facts of this case are undisputed. Appellants initiated this action against Ms. Ragar for breach of contract and misrepresentation. In her counter claim, Ms. Ragar alleged it was appellants who breached the contract. On October 24, 1991, following a jury trial, Ms. Ragar obtained a judgment in Jackson County Circuit Court against appellants in the amount of $47,269.54. On November 12, 1991, Ms. Ragar obtained a judgment lien on real property then owned by appellant Keith Meyer in Clay County pursuant to Rule 74.13. Thereafter, on December

8, 1992, appellant Keith Meyer filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code. Schedule F of the Petition contained Ms. Ragar's judgment against appellants, and the judgment was later discharged by the United States Bankruptcy Court for the Western District of Missouri on July 13, 1993. Ms. Ragar apparently did not object to the discharge within the time fixed by the bankruptcy court. On January 17, 1996, Ms. Ragar filed a motion to revive the judgment. Appellants filed Suggestions in Opposition to Revival in response. On April 12, 1996, Judge Del Muro granted the motion and, thereby, revived the judgment and lien. This appeal followed.

The issue before us is whether a judgment lien on real property can be revived after the lien has expired and after the underlying judgment has been discharged in bankruptcy. The circuit court resolved this issue in the affirmative. In reviewing a court-tried case, we must affirm the judgment of the court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

 We begin our analysis with an overview of the applicable rules governing the revival of judgments and judgment liens in Missouri. Rule 74.08 provides in relevant part that "the lien of a judgment commences upon entry of the judgment,[1] continues for a period of three years, and is *revived by a revival of the judgment.*" (emphasis added). *See* § 511.360, RSMo 1986. Once established, a judgment lien does not confer title or equity in the real property to the creditor. A judgment lien instead gives the creditor priority over subsequent claims by placing a charge on the debtor's real property. John M. Speca, *A Survey of Missouri Debtor-Creditor Law*, 54 UMKC L.Rev. 19, 24

(1985). The creditor may then enforce the judgment lien by proceeding to execute or foreclose the lien against the debtor's property. *Id.* at 28.

A judgment may be revived pursuant to Rule 74.09, which reads in part:

(a) A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b) Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

*See* § 511.370, RSMo 1986. Thus, according to these rules, revival of a judgment and a judgment lien occurs simultaneously. Rule 74.10[2] also pertains to lien revival and reads:

If the order to show cause is issued before the lien expires but the judgment of revival is entered after the lien has expired, the revived lien prevails over intermediate encumbrances. *If the order is issued **after** the expiration of the lien and a judgment of revival is afterward entered, such revival shall take effect from the entry thereof and shall not prevail over intermediate encumbrances.* (emphasis added).

*See* § 511.380, RSMo 1986.

 A proceeding to revive a judgment is not a new action, but rather it "is a mere 'special proceeding' in continuance of and ancillary to the former suit in which the judgment was obtained." *Strunk v. Commercial Plastics Co.*, 800 S.W.2d 779, 781–82 (Mo.App.1990). Similarly, rather than constituting a new judgment, the revival of a

---

1. Where, as here, the debtor's real property is located in a county other than the county in which the judgment was obtained, a lien arises on the debtor's real property upon the filing of a transcript of the judgment in the clerk's office of the circuit court where the real property is situated. Rule 74.13(a). The rule further provides that "judgments or liens may be revived only by the circuit court where the judgment was entered." Rule 74.13(d).

2. The current Rule 74 refers to a motion and an order to show cause as the proper procedure to revive a judgment and lien rather than a writ of *scire facias* even though §§ 511.370—511.400, RSMo 1994, still refer to *scire facias*. However, former Rule 74.36 provided that *scire facias* could be in the form of an order to show cause.

judgment merely extends the life of the judgment by giving it new vitality. *Id.* at 782. With the above principles in mind, we reiterate that Ms. Ragar obtained her judgment in Jackson County against appellants on October 24, 1991. Hence, under Rule 74.08, the resulting judgment lien on appellant Keith Meyer's real property in Clay County remained effective until at least October 25, 1994. *Id.* at 782 (computation of lien period is governed by Rule 44.01(a)). This is so even though the transcript of the judgment was not filed in Clay County until November 12, 1991, since a "lien created by the filing of a transcript shall exist to the same extent and for the *same time only* as the lien of the judgment in the county where the same was entered." Rule 74.13(c) (emphasis added). Appellants suggest that the lien period in this case was extended approximately eight months beyond October 25, 1994, because of the bankruptcy proceedings.[3] However, no supporting authority was cited by appellants and, more importantly, the precise expiration date of the lien is not critical to our determination in this case because it is evident that, even when accounting for the eight-month suspension, Ms. Ragar did not attempt to revive the lien until several months after the lien had in fact expired. Therefore, we need not decide this issue.

While the lien was still in effect, appellant Keith Meyer filed a bankruptcy petition on December 8, 1992, and the bankruptcy court discharged the judgment, which was properly listed in the schedule of debts, on July 13, 1993.[4]

 After the lien expired, Ms. Ragar filed a motion to revive the judgment on January 17, 1996, and, shortly thereafter, the circuit court issued an Order to Show Cause why the judgment should not be revived and appellant Keith Meyer was subsequently served with the Order. The circuit court later granted the motion and revived the judgment. Under the Missouri rules, it is clear that, while a judgment creditor may lose his or her priority to intervening encumbrances, a judgment lien may be revived even after it has expired as long as a motion of revival is filed within the ten-year life span of a valid judgment. *See Chapman v. Commerce Bank*, 896 S.W.2d 85 n. 2 (Mo.App. 1995) (creditor must revive judgment lien every three years in order for lien to prevail over intermediate encumbrances). The record in this case does not reveal whether or not any intermediate encumbrances arose prior to the time the judgment and lien were revived.

 We now turn to appellants' argument that the discharge entirely extinguished the judgment and that, without a judgment to revive, the judgment lien could not have been revived either. We first note that a bankruptcy discharge neither satisfies nor extinguishes a debt. *Pruellage*, 407 S.W.2d at 39; *Winthrop Sales Corp. v. Shelton*, 389 S.W.2d 70, 73 (Mo.App.1965). The debt remains after discharge, but the bank-

3. There is authority for the proposition that the automatic stay of bankruptcy under 11 U.S.C.A. § 362 tolls the statutory period for the revival of liens. *See In re Thomasson*, 66 B.R. 503, 505 (Bankr.W.D.Mo.1986); *but see In re Morton*, 866 F.2d 561, 564 (2nd Cir.1989); *Guertler v. Barlow Woods, Inc.*, 230 Ill.App.3d 933, 172 Ill.Dec. 745, 596 N.E.2d 24, 27 (Ill.App.1992). These latter cases, however, further ruled that another Bankruptcy Code provision, 11 U.S.C.A. § 108(c), does toll the statutory period for judgment revival, *Guertler*, 172 Ill.Dec. 745, 596 N.E.2d at 28, and the statutory period relating to liens, *Morton*, 866 F.2d at 566.

4. The bankruptcy court's discharge ordered that:
1. [A. Keith Meyer] is released from all dischargeable debts.
2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
 (a) debts dischargeable under 11 U.S.C. Sec. 523;
 (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. Sec. 523(a);
 (c) debts determined by this court to be discharged.
3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

rupt is released of his personal liability to pay. *Hupp v. Murphy Finance Co.*, 502 S.W.2d 345, 351 (Mo.1973). In fact, the Bankruptcy Code provides that a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal liability* of the debtor...." 11 U.S.C.A. § 524(a)(1) (West 1993) (emphasis added). Thus, while a claim [5] cannot be enforced against a debtor *in personam*, a claim can be enforced against the debtor *in rem. Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991). Also, with certain exceptions not here applicable, it is a well-established principle of bankruptcy law that valid liens pass through bankruptcy proceedings unaffected. *Dewsnup v. Timm*, 502 U.S. 410, 417–20, 112 S.Ct. 773, 778–79, 116 L.Ed.2d 903 (1992); *In re Be–Mac Transport Co.*, 83 F.3d 1020, 1025 (8th Cir.1996); *In re Walls*, 125 B.R. 908, 909 (Bankr.D.Del.1991).[6]

The issue at hand was last discussed in *Pruellage, supra*, in which the court held that a judgment and lien were preserved following a bankruptcy discharge and that they could be revived upon the filing of a timely writ of *scire facias*. In making its determination, the court acknowledged that a debtor may plead a discharge in bankruptcy as a defense, but also noted that a discharge "is a defense only as to the personal liability of the bankrupt in connection with the payment of the debt." 407 S.W.2d at 39 (citation omitted). Where a valid lien exists and the judgment has not been satisfied, the court found that a bankruptcy discharge does not impede the continuation of the lien. *Id.* at 39–40. From there, the court concluded that if a lien survives bankruptcy then "it logically follows that the foundation for the lien, namely, the judgment, remains and is preserved." *Id.* at 40.

The court further determined, however, that revival of the judgment, when it follows a discharge in bankruptcy, "should be a qualified revival and not a general judgment of revival without reservations or limitations." *Id.* at 41. In limiting such revivals, the court continued:

> The judgment should be revived to the extent, and only to the extent, that it revives the lien as of the date of the judgment of revival on such real estate to which the lien attaches as provided in Section 511.350 RSMo 1959, ... and which the defendant owned or had an interest in, whether held in his name or in another for him, at the time of filing his petition in bankruptcy and which should have been scheduled in the bankruptcy proceeding and was not so scheduled. For example, we have in mind such real estate as may have been inadvertently not scheduled or fraudulently conveyed prior to discharge in bankruptcy or held in another's name for the debtor's benefit. The lien should not attach to or affect real estate acquired after the discharge in bankruptcy. The judgment of revival should not permit a general execution. *Id.*

*Pruellage* was cited favorably in *Hupp, supra*, wherein the Supreme Court said that a "discharge does not affect, release, discharge or invalidate any liens on property of the bankrupt which were in existence prior to the petition or adjudication in bankruptcy." 502 S.W.2d at 351. The court further noted that the creditor could enforce the lien "by any appropriate proceeding not involving a judgment in personam...." *Id.; cf. Kenny's Tile & Floor Covering, Inc. v. Curry*, 681 S.W.2d 461, 470 (Mo.App.1984).

Here, appellants challenge the applicability of the *Pruellage* holding in light of changes in Missouri law regarding the revival of judgments and judgment liens. Appellants contend that former Rules 74.34 through 74.42, in effect when *Pruellage* was decided thirty years ago, were materially altered when they were superseded in 1988 by Rules 74.08, 74.09 and 74.10. Under former Rule 74.36, a creditor was allowed to "sue out a *scire*

---

5. A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C.A. § 101(5) (West 1993).

6. Sections 522(f) and 506(d) of the Bankruptcy Code provide that certain liens may be avoided in bankruptcy. Neither party referred to these sections and we do not find them to be applicable.

*facias* to revive a judgment *and lien* " within ten years of the original judgment. (emphasis added). By providing for revival of a judgment and lien in the same rule, appellants suggest that the legislature intended that they should be treated identically for revival purposes. By this, we assume that appellants are suggesting that a judgment and lien could be revived independently under the former rules.

In contrast, appellants point out that Rule 74.09 refers only to the revival of judgments, and that Rule 74.08 applies only to the revival of liens, which are "revived by a revival of the judgment." Consequently, appellants argue, revival of a lien is now expressly dependent on revival of the underlying judgment because where a judgment is voided in bankruptcy (and cannot be revived) then a corresponding lien cannot be revived either.

In support of their position that the former rules were materially changed by the current rules, appellants cite to *Strunk, supra*. That case is helpful to us because of its comprehensive discussion regarding *scire facias* proceedings and the former rules. However, appellants' reliance on *Strunk* is misplaced since that decision, while noting the change in the rules, neither compared the two sets of rules nor interpreted the current rules. In fact, the outcome in *Strunk* was based solely on the court's application of former rules 74.37 and 74.38, the latter of which the court found to be determinative. 800 S.W.2d at 783.

We agree with appellants that revival of a lien is dependent upon revival of its underlying judgment under the current rules for revival, but we do not find this to be a departure from the former rules as appellants suggest. To accept appellants' argument, we would have to find that, under the former rules, revival of a judgment lien was *not* dependent upon revival of an underlying judgment. Appellants have cited no Missouri case ruling that a judgment lien could be revived without reviving the judgment. Under both § 511.370, RSMo 1986 and former Rule 74.36, a creditor can "revive a judgment **and** lien" by suing out a *scire facias* within ten years of the original judgment. Having no evidence that the legislature intended to establish independent procedures for reviving a judgment and a lien, we believe the plain and ordinary meaning of § 511.370 and former Rule 24.36 is that a judgment lien could not be revived without also reviving the judgment.

Our conclusion is supported by *Pruellage,* wherein the court specifically found that because a judgment lien is preserved following bankruptcy it necessarily follows that the judgment also is preserved and that "to hold otherwise would be a non sequitur." 407 S.W.2d at 40; *see Merchants' Mut. Ins. Co. v. Hill,* 17 Mo.App. 590, 592 (1885) (to keep alive a judgment lien it is equally necessary to revive the judgment). Although the effect of the discharge in this case has been to substantially limit enforcement of the judgment, it would be incorrect to say that the discharge extinguished the judgment as appellants contend. The judgment, now ineffective against appellants personally, still exists albeit in a diminished capacity.

For the foregoing reasons, we affirm the revival of the judgment and lien in this case. However, the revival of judgment here is limited solely to supporting the revival of the lien and not for any purpose or action *in personam.* As in *Pruellage,* the lien here should be effective against appellants' real property to which it attached prior to the bankruptcy proceedings and ineffective against real property acquired by appellants after the discharge.

All concur.