GENERAL IRON INDUSTRIES, INC., Plaintiff-Appellant, v. A. FINKL AND SONS COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—95—2224

Opinion filed September 8, 1997.

440

Sirott & Kuhl, of Chicago (Herbert N. Sirott and Dennis L. Kuhl, of counsel), for appellant.

Najarian & Najarian, of Wilmette (David V. Najarian, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:
This case presents the question of whether the element of continuity is established in an adverse possession case when the true title owner files a petition for bankruptcy before the 20-year statute of limitations has expired.

The undisputed facts follow. On December 19, 1977, the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Railroad) filed a petition for reorganization in the United States District Court for the Northern District of Illinois pursuant to section 77 of the Bankruptcy Act of 1898, formerly 11 U.S.C. § 1 *et seq.* (1976) (repealed by the Bankruptcy Reform Act of 1978, 11 U.S.C. app. §§ 101 through 1330 (Supp. 1978)). On November 25, 1985, the bankruptcy court entered an order containing the final decree in the bankruptcy proceeding. In August 1988, the reorganized company conveyed, by quitclaim deed to defendant, the subject property involved in this case. In September 1990, defendant informed plaintiff of its ownership interest in the subject property. On August 15, 1991, plaintiff filed a complaint for a declaratory judgment by adverse possession. On October 4, 1991, defendant filed a complaint for ejectment. The cases were consolidated. Plaintiff subsequently filed a first amended verified complaint and a second amended verified complaint to quiet title and for a declara-

tory judgment by adverse possession. Upon cross-motions for summary judgment, the trial court denied summary judgment for plaintiff and granted summary judgment for defendant on May 30, 1995. Plaintiff appeals from that order. Our review is *de novo*. *In re Estate of Hoover*, 155 Ill. 2d 402, 411, 615 N.E.2d 736, 740 (1993).

■ Adverse possession, as the name implies, depends upon possession or use of land, not title. Both parties acknowledge that a claim of adverse possession arises upon the running of the 20-year statute of limitations relating to actions to recover real property. 735 ILCS 5/13—101 (West 1994). To establish title by adverse possession under the 20-year limitations statute, a party must prove that his possession was (1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious, and exclusive; and (5) under a claim of title inconsistent with that of the true owner. See, *e.g.*, *Stankewitz v. Boho*, 287 Ill. App. 3d 515, 518, 678 N.E.2d 1247, 1249 (1997). The issue to be determined here is whether the first element, continuity, has been met. The parties disagree as to whether the statutory period was interrupted by the automatic bankruptcy stay on December 19, 1977, the date the petition for reorganization was filed. No case has been cited to us nor has our research revealed any case, in Illinois or any jurisdiction, that deals with the precise issue of whether the filing of a petition for reorganization, pursuant to section 77 of the Bankruptcy Act of 1898 (11 U.S.C. § 1 *et seq.* (1976)), repealed by the Bankruptcy Reform Act of 1978, 11 U.S.C. app. §§ 101 through 1330 (Supp. 1978), stops the running of time accumulating to the benefit of an adverse possessor, thus defeating any claim to the debtor's property through adverse possession.

The earliest date upon which plaintiff's alleged adverse possession could have begun was in 1966, when it purchased the adjacent lot and believed it had also purchased the subject property. Thus, at the time the Railroad filed its petition for reorganization in 1977, the plaintiff had been in possession for only 11 years, nine years less than the required statutory period. Plaintiff has conceded that, at that point, it had no claim to the land. We agree and conclude that, at that time, plaintiff, while it had an incipient claim, was in reality a mere trespasser. It had no title to the property and it also had no *legal right* to possess the property.

■ Under section 77(a) of the Bankruptcy Act, which is applicable here, in railroad cases the reorganization court has "exclusive" jurisdiction of the debtor and its property wherever located. See *Village of Franklin Park v. Ogilvie*, 106 Ill. App. 3d 301, 303, 435 N.E.2d 1177, 1179 (1982). Once the railroad filed its petition for reorganization, the bankruptcy court had the power to adjudicate summarily

rights and claims to property that was in the actual or constructive possession of the court. *Cline v. Kaplan*, 323 U.S. 97, 98, 89 L. Ed. 97, 99, 65 S. Ct. 155, 156 (1944). The bankruptcy court had the power to determine whether it had actual or constructive possession essential to its jurisdiction to proceed. See, *e.g., In re Process-Manz Press, Inc.*, 369 F.2d 513 (7th Cir. 1966).

Under the Bankruptcy Act, a bankruptcy court's summary jurisdiction over a debtor's property was limited to property in the debtor's possession at the time of filing the petition; however, constructive possession was sufficient. *Taubel-Scott-Kitzmiller Co. v. Fox*, 264 U.S. 426, 432, 68 L. Ed. 770, 774, 44 S. Ct. 396, 398 (1924). Constructive possession has been found to exist in a number of situations, including "where the property is held by some other person, who makes no claim to it." *Taubel-Scott-Kitzmiller*, 264 U.S. at 433, 68 L. Ed. at 774, 44 S. Ct. at 399, citing *Babbitt v. Dutcher*, 216 U.S. 102, 105, 54 L. Ed. 402, 403, 30 S. Ct. 372, 374 (1910). Where "property is not in the court's possession and a third person asserts a *bona fide claim* adverse to the *** trustee in bankruptcy, he has the right to have the merits of his claim adjudicated." (Emphasis in original.) *Cline v. Kaplan*, 323 U.S. at 98, 89 L. Ed. at 99, 65 S. Ct. at 156. Since, at the time the Railroad filed its petition, the plaintiff had *no* claim, the court obtained possession of the subject property. Thus, the bankruptcy action served to interrupt the continuity of possession by the plaintiff.

Plaintiff contends that, by virtue of its continuous possession, the court lacked summary jurisdiction over the subject property. We disagree. Actual or constructive possession in the adverse claimant alone is not sufficient to deprive the bankruptcy court of summary jurisdiction. As the fifth circuit said in *American Mannex Corp. v. Huffstutler*, 329 F.2d 449, 451 n.4 (5th Cir. 1964), "Possession, actual or constructive, is *** inconsequential. The important thing is the lawful, rightful character of that 'possession.' " The relevant question, therefore, is whether a "party has a *legal right* to maintain the actual, physical possession." (Emphasis in original.) *American Mannex*, 329 F.2d at 451. Thus, plaintiff's reliance upon *Bel Marin Keys Community Services District v. Bel-Marin Enterprises, Inc.*, 582 F.2d 477 (9th Cir. 1978), is misplaced. *Bel Marin* and cases cited therein, which dealt with situations where an adverse claim to property had been *rightfully asserted*, stand for the proposition that the bankruptcy court cannot obtain summary jurisdiction when a debtor's property is in the possession of any party with a substantial adverse claim of title. Plaintiff here had no such claim to assert in 1977. Mere possession of property is generally insufficient to create a claim

"adverse" to the bankrupt's estate for the purpose of depriving the bankruptcy ·court of power to summarily adjudicate claims to property; possession must be accompanied by some form of legal or equitable ownership interest in the property. *Gorenz v. State of Illinois Department of Agriculture*, 653 F.2d 1179 (7th Cir. 1981). It has been said that "a substantial adverse claim exists when the claimant 'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy *** in matters either of fact or law.' [Citations.]" *Bradley v. St. Louis Terminal Warehouse Co.*, 189 F.2d 818, 824 (8th Cir. 1951). Clearly, plaintiff, who had no claim yet at all, could not have met this test.

Although the adverse possession claim was not raised, acknowledged or considered by the bankruptcy court, had it been, the court would have had the power to examine any such claim adverse to the bankrupt estate for the purpose of determining whether it was substantial or merely colorable. The rule is that, when a controversy arises as to whether there is any adverse claim, the court can summarily inquire into it, and if the adverse claim or right is only colorable, the court may make a judgment as to its merits. See *Spach v. Fisher*, 310 F.2d 328 (5th Cir. 1962).

We recognize that summary jurisdiction is not necessarily presumed and, further, that facts showing summary jurisdiction usually have to be affirmatively alleged in a turnover petition. *In re Riding*, 44 B.R. 846, 851 (Bankr. D. Utah 1984). Also, normally necessary to a bankruptcy court's jurisdiction is a *finding* by the court that a claim is merely colorable. See *Bradley v. St. Louis Terminal Warehouse Co.*, 189 F.2d 818 (8th Cir. 1951). Here, since no "claim" was brought to the bankruptcy court's attention, there was no turnover petition involved nor was there a finding as to the validity of the plaintiff's claim. We do not deem these differences important under the facts and equities of this case. Here, at the time of the filing of the petition, the plaintiff did not have a substantial claim, a merely colorable claim or indeed any claim at all. Thus, the bankruptcy court had jurisdiction over the property.

Plaintiff has acknowledged that no "claim" existed at the time of the filing of the petition. Even absent plaintiff's concessions, an adverse possessor has no claim or cognizable legal interest in property within its possession prior to the running of the statute of limitations. Instead, under Illinois law, plaintiff's status was that of a mere trespasser. See *Chicago & Alton R.R. Co. v. Keegan*, 185 Ill. 70, 81, 56 N.E. 1088, 1092 (1900) (until 20 years had passed, putative adverse possessor was a mere squatter or trespasser and had no real title as against the true owner of the property). Thus, the bankruptcy

court properly obtained the title *and* possession of the subject property. Since plaintiff was not yet a *bona fide* adverse claimant in 1977, any statutory period for the purpose of adverse possession was interrupted at that point.

Our analysis comports with Congress' purpose in establishing the federal bankruptcy laws. Congress not only has power to confer jurisdiction upon the bankruptcy court, but in matters relating to bankruptcy, its power is paramount. *Taubel-Scott-Kitzmiller Co. v. Fox*, 264 U.S. at 430, 68 L. Ed. at 773, 44 S. Ct. at 398. The United States Supreme Court has noted that "to facilitate the rehabilitation of the debtor's business, all the debtor's property must be included in the reorganization estate." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203, 76 L. Ed. 2d 515, 521, 103 S. Ct. 2309, 2313 (1983). Although that case was decided under the Bankruptcy Code and addressed the interests of secured creditors, the same principle holds true in the instant case. While we are cognizant of the distinctions between the Bankruptcy Act and the Bankruptcy Code, the public policy reasons behind both are the same. The Supreme Court, in sustaining an exercise of summary jurisdiction, observed that it had "long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period' [citation]." *Katchen v. Landy*, 382 U.S. 323, 328-29, 15 L. Ed. 2d 391, 396, 86 S. Ct. 467, 472 (1966).

Plaintiff, citing *Butner v. United States*, 440 U.S. 48, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979), and *Guertler v. Barlow Woods, Inc.*, 230 Ill. App. 3d 933, 596 N.E.2d 24 (1992), contends that because property interests are created and defined under state law, absent a federal interest, there is no reason to analyze its interest in the subject property differently merely because a party is involved in a bankruptcy proceeding. Since the result in the instant case is the same when analyzed under state law, we need not specifically address the federal interest issue. We note, however, that it is well established that sole jurisdiction in bankruptcy is lodged in the national government and that power is paramount and supersedes all inconsistent state laws. See, *e.g., Cassidy v. Kentner*, 235 Ill. App. 3d 114, 600 N.E.2d 1200 (1992).

We also need not address whether Illinois' state law on adverse possession is inconsistent with or merely ambiguous as to the federal bankruptcy laws, since this case presents no such dilemma. Our decision comports with Illinois case law regarding whether the required element of continuity in adverse possession has been met. However, when there is an actual conflict between the federal bankruptcy laws and state law, it is the state law analysis that is suspended. See *Guertler v. Barlow Woods*, 230 Ill. App. 3d at 936, 596 N.E.2d at 26.

Where a record titleholder sought and obtained a zoning variance for property from a village, this undertaking was considered by the court to be an act of dominion over the property by the record titleholder which served to interrupt the continuity of possession by the adverse possession claimant. *Mann v. La Salle National Bank*, 205 Ill. App. 3d 304, 562 N.E.2d 1033 (1990). In the instant case, in 1977, the record titleholder filed a petition for reorganization pursuant to section 77 of the Bankruptcy Act. Such a drastic action as voluntarily filing a federal bankruptcy action is analogous to making an entry on land, made openly and under claim of right, with a clearly indicated purpose of taking possession. We deem this to be an act of dominion over the property and an assertion of ownership by the record titleholder sufficient to interrupt plaintiff's continuity of adverse possession.

Normally, if suit is brought before rights have accrued through adverse possession for the statutory time, these rights can never accrue since the period stops running once suit is filed. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App. 3d 59, 75, 387 N.E.2d 831, 845 (1979). While such suits typically involve state law actions regarding the property, we believe that the filing of the petition in bankruptcy had the same effect. An additional burden should not be placed upon a bankrupt or a trustee in bankruptcy to file an action in ejectment against a third party who has an unripe and, therefore, no true adverse claim against the estate of the bankrupt.

Prior to the Railroad filing its petition in bankruptcy, the trustee had no right to challenge the plaintiff's trespass. The plaintiff has contended, however, that after the trustee was appointed, he should have surveyed the property of the Railroad and when and if he noticed plaintiff's trespass, filed an ejectment action. We disagree and see no public policy reason to adopt a rule that would burden a trustee with the omissions of a bankrupt title owner who may have unreasonably delayed taking steps to protect its creditors' and its own interests by filing an ejectment action. To do so would create the incongruous result of allowing an adverse possessor greater rights than secured creditors have to the estate of a bankrupt.

Once a petition for reorganization is filed pursuant to section 77 of the Bankruptcy Act of 1898 (11 U.S.C. § 77(b) (1976) (repealed), the estate is regarded as in *custodia legis* (*Wright v. Abbott Capital Corp.*, 79 Ill. App. 3d 986, 990, 398 N.E.2d 1147, 1149 (1979)), and the statute of limitations for adverse possession is interrupted. We need not discuss whether it begins to run again on the date the petition is filed, on the date a trustee is appointed or on the date that a final decree vests title in a new owner, since plaintiff here did not

adversely possess the subject property for 20 years after any of these occasions.

We believe that our holding is supported by the language of the bankruptcy court's final decree. The decree expressly vested all right, title and interest in the property of the estate in the reorganized company and further stated that the reorganized company took the property free and clear of all claims, rights, demands, interests, liens and encumbrances of every kind and character. Normally, title by adverse possession will defeat any legal title and even a tax sale will not stop the running of time accumulating to the benefit of an adverse possessor. *Illinois Ry. Museum, Inc. v. Siegel*, 132 Ill. App. 2d 77, 266 N.E.2d 724 (1971). On the other hand, a tax deed issued pursuant to a judicial process grants to the purchaser a new and independent title, free and clear from all previous titles and claims of every kind and character. *Crawford v. Love*, 243 Ill. App. 3d 977, 614 N.E.2d 50 (1993). In *Crawford*, the court held that issuance of a tax deed under the Revenue Act tolled the period of limitations as to adverse possession. The final decree here had the same effect on the title to the subject property.

It is the well-settled law of this state that, where the continuity of adverse possession is interrupted before the elapse of the statutory period, the benefit of the prior adverse possession is lost and the adverse claimant must commence his possession again. *Yunkes v. Webb*, 339 Ill. 22, 26, 170 N.E. 709, 711 (1930); *Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.*, 200 Ill. App. 3d 701, 710, 558 N.E.2d 341, 347 (1990). Thus, any adverse possession claim would not begin to run again until the effective date of the decree, November 25, 1985. An interruption in the running of the statutory period for even one day ends it and it must begin anew. *Chicago & Alton R.R. Co. v. Keegan*, 185 Ill. 70, 84, 56 N.E. 1088, 1093 (1900).

The Illinois Supreme Court has also held that, "where the title to a tract of land has been *decreed by a competent court* to belong to a complainant bringing the suit and that the possession of the defendant is unlawful, such defendant cannot rely upon his prior possession in a subsequent suit to establish his title but can only rely upon the new possession held after the decree. [Citation.]" (Emphasis added.) *Busby v. Maus*, 294 Ill. 401, 406, 128 N.E. 564, 566 (1920). Again, because we believe the filing of a petition in bankruptcy to be as sufficient an exercise of the owner's dominion over property as is a state law action for ejectment, we believe the same reasoning applies to the decree issued by the bankruptcy court.

Accordingly, we hold that the filing of a petition in bankruptcy by a true titleholder of property, before the 20-year statute of limita-

tions for adverse possession has expired, interrupts the running of the statutory period on any incipient claim of adverse possession. The order of the circuit court denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.