RAYMOND J. THORMAN *et al.*, Plaintiffs-Appellants, v. PHILLIP R. CROSS *et al.*, Defendants-Appellees.

Third District   No. 3—88—0564

Opinion filed July 13, 1989.

Lucie, Slater & Carper, of Macomb (Gayle Tronvig Carper, of counsel), for appellants.

Flack, Kwacala, Murphy & Ashenhurst, of Macomb (Lawrence J. Kwacala, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiffs Raymond J. and Wanda L. Thorman brought a complaint for adverse possession of a tract of land comprised of approximately 3.69 acres lying along the southern boundary of their farmland on property owned by defendants Phillip R. and Stephanie E. Cross.

The tract is bordered on the north by the section line between the parties' properties, on the south and east by the LaMoine River and on the west by a township road, all in Macomb Township, McDonough County, Illinois. For purposes of this opinion, the following diagram is provided. The tract in dispute is shaded:

The cause was heard by the circuit court of McDonough County, and an order was ultimately entered in favor of defendants. Plaintiffs' motion for reconsideration and a motion to amend the complaint to add a claim for a prescriptive easement were also denied, and plaintiffs have appealed from the three orders denying them relief.

The issues before us are: (1) whether plaintiffs adduced sufficient proof of adverse use and under claim of title to sustain their claim of adverse possession; (2) whether the trial court abused its discretion in

denying plaintiffs leave to amend their complaint after the court issued its letter opinion finding that adverse possession had not been proved; and (3) whether plaintiffs' evidence at trial was sufficient to prove a prescriptive easement. We affirm.

The facts necessary to our disposition follow. Plaintiff Raymond Thorman began farming with his father on section 15 in Macomb Township in 1947. At the time, Thorman's father owned the land. Plaintiffs have lived on the property since 1949. In addition to raising corn, beans, oats and hay, the Thormans raised cattle and hogs. The Thormans maintained a fence along the township road and a lot fence on the high ground north of the section line demarking the southern boundary of plaintiffs' property. Defendants' predecessors in title owned the land in section 22 adjacent to the southern boundary of the Thorman farm. They maintained a fence on their property along the south bank of the LaMoine River, which meanders through plaintiffs' property and dips into defendants' property to form part of the boundary of the 3.69-acre tract in dispute. This tract and the area along the southern boundary of section 15 is "bottom land," composed mainly of weeds and some brush and trees. It floods out periodically, and for this reason, the Thormans have not attempted to erect a fence along the section line.

In 1976 plaintiffs purchased their farm from the Thorman family. They continue to raise cattle. The cattle have grazed upon the land in dispute to a limited extent, but primarily they use it to pass from their pasture land on one side of the township road to the other under a bridge on the road. Occasionally, plaintiffs' permission was sought by persons wanting to enter upon the disputed land for recreational purposes. In 1978, the township road commissioner, assuming as well that the Thormans owned the land, asked Raymond for an easement in connection with the construction of a new bridge. Raymond gave his permission, but no written agreement was entered into.

In 1979 defendants surveyed and then purchased their property, the deed for which includes the tract in dispute. To gain access to the river for boating, defendants twice cut a wire that had been installed by Raymond near the bridge to keep his cattle from roaming beyond the tract in dispute. Raymond replaced the wire on both occasions and explained its purpose to defendant Phillip Cross. Around 1982 or 1983 Phillip attempted to erect a fence on his property along and about 30 feet north of the north bank of the river. Raymond told Phillip he did not want a fence there and explained that it would be impossible to maintain a fence on the north side because of flooding. However, Raymond never asserted that he owned the disputed property during his

encounters with Phillip. Defendants discontinued their efforts to fix their property line at that time, but in 1985 they installed a culvert on the property and light barbed wire along the section line. It was at that point that plaintiffs filed their suit and sought injunctive relief in the circuit court.

In an opinion letter of January 21, 1988, the court found that plaintiffs had borne their burden of proving continuous and actual possession of the disputed tract for the 20-year statutory period and that their possession was open, notorious and exclusive. However, the court found that plaintiffs' possession was not hostile or adverse; nor was plaintiffs' possession under a claim of title inconsistent with that of the true owner. The court further stated that the evidence supported a prescriptive easement for passage of plaintiffs' cattle.

Plaintiffs responded by filing a motion to amend their pleadings to add a claim for a prescriptive easement. Defendants resisted the motion on grounds that plaintiffs' proof would not support elements of adverse use and claim of right to use the land in dispute for purposes of a prescriptive easement. After a hearing on the motion, the court issued another opinion letter on June 10 stating that the court had reconsidered the evidence and applicable law and found that "[t]he requirements for a prescriptive easement are essentially the same as for adverse possession." Therefore, for reasons set forth in defendants' objection to plaintiffs' motion to amend, plaintiffs' motion was denied.

Plaintiffs then moved for reconsideration, citing by affidavit that counsel for the defendants, in oral argument at the close of evidence at trial, had admitted that plaintiffs' evidence was sufficient to support a prescriptive easement and that the court should enter a finding to that effect, but that the evidence was not strong enough to support a finding of adverse possession. Upon reconsideration, the trial judge could not state from his memory that defense counsel had gone so far as to state that the court should enter an order finding a prescriptive easement. The court further held that defense counsel's final argument respecting a prescriptive easement did not constitute a judicial admission upon which plaintiffs were entitled to rely for purposes of amending their complaint. Plaintiffs' motion for reconsideration was denied accordingly.

■■■ The requirements for adverse possession and prescriptive easements are well established in this State. To prove title by adverse possession, the claimants must establish by clear and unequivocal evidence "that during the 20-year prescriptive period [their] possession *** was: (1) continuous, (2) hostile or adverse, (3) actual, (4) open, notorious and exclusive, and (5) under a claim of title inconsistent with

that of the true owner. (*Tapley v. Peterson* (1986), 141 Ill. App. 3d 401, 404, 489 N.E.2d 1170, 1171.) All presumptions are in favor of the record titleholder." (*Perivoliotis v. Pierson* (1988), 167 Ill. App. 3d 259, 263, 521 N.E.2d 254, 255.) To claim a prescriptive easement, "the use must have been adverse, uninterrupted, exclusive, continuous and under a claim of right." (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 531, 173 N.E.2d 499, 502.) "Hostility of possession requires an intent to claim the fee as against the true owner and all others, and one's claim to the fee is demonstrated by using and controlling the land as an owner." (*Morris v. Humphrey* (1986), 146 Ill. App. 3d 612, 616, 496 N.E.2d 1209, 1212.) "Mere permission to use land cannot ripen into a prescriptive or adverse possessory right regardless of the time such permissive use is enjoyed." (*Morris*, 146 Ill. App. 3d at 615, 496 N.E.2d at 1211.) And, "[w]hether there was adverse use *** under a claim of right for a period of 20 years, or the use of the [disputed tract was] only permissive, is almost wholly a question of fact." *Petersen*, 21 Ill. 2d at 532, 173 N.E.2d at 503.

■ In this appeal, plaintiffs contend that the rules applicable to mistaken boundaries apply on these facts. In mistaken boundary cases, "occupancy to a visible and ascertained boundary for the statutory period is deemed the controlling feature in determining hostility." (*Perivoliotis*, 167 Ill. App. 3d at 263, 521 N.E.2d at 255, citing *Joiner v. Janssen* (1981), 85 Ill. 2d 74, 421 N.E.2d 170.) Plaintiffs seek to benefit from the presumption of hostility applicable to mistaken boundary cases. However, the evidence in this case does not show clearly and convincingly that plaintiffs or defendants' predecessors in title were mistaken about the boundary between their parcels. The reason for erecting the fence along the south bank of the La-Moine River where it dips into defendants' property was not because of anyone's belief that the section line followed the river, but because flooding would have made maintaining a fence along the section line north of the river too burdensome.

Nor did plaintiffs' evidence establish either adverse use or claim of title or right. Thorman's trial testimony that he considered the property in dispute his own could best be characterized as equivocal. Prior to defendants' purchase of the adjoining parcel, defendants' predecessors in title maintained the fence in question. Thorman's periodic inspection of it was in the nature of a courtesy to the owner, because the titleholder at that time did not live on the farm, but in Springfield. Despite several opportunities to do so, Thorman never was heard to assert ownership of the tract, verbally or otherwise, prior to this lawsuit.

■ When defendants asserted their ownership rights by cutting wires and attempting to erect a fence on the north side of the river, Thorman did not complain that they were trespassing, but only that there were valid reasons for leaving the wire and fence where they had been in prior years. The fact that plaintiffs' livestock used the tract as a passageway between the pastures on either side of the township road and occasionally grazed on the meager grass that grew there is not sufficient to overcome a presumption that plaintiffs' use of the property was permissive. See *Morris v. Humphrey*, 146 Ill. App. 3d at 617, 496 N.E.2d at 1212 (wherein, on similar facts involving uncultivated, unenclosed farmland claimed by an adverse possessor by virtue of farming activities on the disputed tract, this court determined that "[t]he [claimant's] failure to assert a claim of right to property out of a desire to avoid trouble is clearly an inadequate explanation, which gives rise to the presumption of an awareness on the part of the adverse possessor that the [record titleholder] claims title and ownership").

■ In sum, we find that the trial court ultimately did not err in holding that plaintiffs' evidence fell short of proving that their possession of the disputed tract during the prescriptive period was adverse or hostile or under a claim of title or right for purposes of their claims of adverse possession and/or prescriptive easement. Accordingly, we hold that the court did not err in entering judgment for defendants or abuse its discretion in denying plaintiffs' motion to amend their complaint to conform to the proofs.

The judgment of the circuit court of McDonough County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.