EDWARD MANN et al., Plaintiffs-Appellees, v. LA SALLE NATIONAL BANK, as Trustee, et al., Defendants-Appellants.

First District (5th Division)    No. 1—89—2105

Opinion filed October 12, 1990.

Craig Cooper, of Chicago (Sidney Z. Karasik and Paul R. Karasik, of counsel), for appellants.

George B. Collins and Christopher Bargione, both of Collins & Bargione, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County granting plaintiffs title by adverse possession to a parcel of land whose legal titleholder had been trust No. 841, with Irene Breen as trustee and John Waters as beneficiary. Upon review of the record we find that the trial court's award of title to plaintiffs was against the manifest weight of the evidence and so we reverse.

On September 14, 1987, Edward and Holly Mann (plaintiffs) filed an action to quiet title to a 35-foot by 131.31-foot parcel of land at 841 Park Plaine Avenue in Park Ridge, Illinois, which is immediately adjacent to property they own at 837 Park Plaine Avenue. The 35-foot strip of land is an unimproved partial lot located just north of plaintiffs' property and situated at the southeast corner of the intersection of Park Plaine and Virginia Avenues. (See diagram.) Its legal description is as follows:

> "North 35 feet of Lot 38 in Oakton Manor Second Addition, being a Subdivision in the East half of the Northeast quarter of the Northwest quarter of Section 27, Township 41 North, Range 12 East, of the Third Principal Meridian of Cook County, Illinois."

Plaintiffs asserted title by adverse possession, claiming that they and their predecessors, Robert and Janet Nau, used the parcel of land openly, adversely, continuously, exclusively and notoriously for a period of time in excess of 20 years.

The evidence adduced at trial showed that in 1957 Robert and Janet Nau purchased a parcel of land, now known as 837 Park Plaine Avenue in Park Ridge. The legal description of this property is as follows:

> "Lot 38 (*except the North 35.0 feet thereof*), in Oakton Manor Second Addition, being a Subdivision in the East half of the Northeast quarter of the Northwest quarter of Section 27, Township 41 North, Range 12 East, of the Third Principal Meridian;
>
> Lot 8 in Oakton Manor Third Addition being a Subdivision of the West half of the North 3 acres of the South 10 acres of the following described parcels (taken as a tract) that part of the East half of the Northeast quarter of the Northwest quarter South of the Chicago and Northwestern Railroad of the

East 9.971 chains of the North 1.26 chains of the Southeast quarter and the Northwest quarter of Section 27, Township 41 North, Range 12 East of the Third Principal Meridian in Cook County, Illinois." (Emphasis added.)

As can be seen from the above description, the 35-foot strip of land in question was specifically excluded from the deed of title to the Naus' property, and Robert Nau testified that he knew that the northern 35-foot strip of land adjacent to his property did not belong to him, although he did not know the owner of that parcel of land. In spite of this knowledge, Nau excavated and "brought up to grade" this parcel of land when he built his home on his own property. Thereafter, Nau planted grass, shrubs, and trees on this "side yard" and used the property as he would his own, mowing the lawn in the summer and shoveling the snow in the winter. Nau also testified that in 1963 or 1964 he installed a sandbox and swing set on the subject property which remained there for a period of five years or more.

In May 1981 the Naus entered into an installment agreement for a warranty deed to sell the property known as 837 Park Plaine Avenue to the plaintiffs. Mr. Nau testified that he told the plaintiffs that the 35-foot "side yard" was theirs to use as he had used it, but Nau did not convey title to this parcel of land in the warranty deed he issued to the Manns.

On cross-examination Mr. Nau was asked whether he attended a Park Ridge Zoning Board meeting in 1972 or 1973 concerning a zoning variance that had been sought for the 35-foot parcel. Although Mr. Nau claimed that he could not recall this, he was presented with various documents that indicated that he had presented a petition to the zoning board in opposition to the granting of the variance and that he had indicated at that meeting that he was attempting to purchase the subject property.

Edward Mann testified that when he obtained the warranty deed to the property at 837 Park Plaine Avenue in 1981 he believed that he was receiving title to the 35-foot parcel, but that he later discovered that the property in question was not contained within the legal description of the conveyance. However, Mr. Mann also testified that Mr. Nau had told him, in a conversation prior to the purchase of the property at 837 Park Plaine Avenue, that "he [Mr. Nau] had been using and maintaining the side yard and that he was giving it to me to do the same." In any event, from June 1981, after taking up residence at the adjacent property, Mr. Mann used and maintained the 35-foot parcel, planted trees there, mowed the lawn and, in 1984, built a fence around the property.

Mr. Mann did admit, however, that after the fence was built he was contacted by Mr. Waters, asking that he stop using the 35-foot parcel and to remove the fence. In response Mr. Mann contacted an attorney, who wrote a letter to Mr. Waters indicating that the Manns would comply with Mr. Waters' wishes if he could prove his ownership of the property.

The only additional evidence presented by the plaintiffs was the testimony of a neighbor, Don Rush, who stated that the only persons he saw on the 35-foot parcel of land, during the 23 years that he resided in the neighborhood, were the Naus and the Manns.

The defendants presented evidence to establish the legal chain of title to the subject property, as well as evidence to refute plaintiffs' claim of adverse possession. It was shown that the record titleholder to the subject property had been Gladys Spenc, who conveyed by quitclaim deed to B. Voncke in 1961. B. Voncke, in turn, conveyed the property to La Salle National Bank under trust No. 24184. In 1973, La Salle National Bank conveyed to Ellenora Kelly, who was apparently a "strawperson" used to facilitate the transfer of the property from one trust to another, since the next day Ellenora Kelly conveyed to Irene Breen as trustee of trust No. 841, whose sole beneficiary was John Waters.

Mr. Waters testified that he purchased the subject property in January 1973, but that he had attended the Park Ridge Zoning Board meetings in June 1972, at which time a variance was sought to allow construction on the 35-foot parcel. Waters noted that Mr. Nau had been present and had vigorously opposed the variance, but that the variance had been granted over Nau's objection.

Waters also stated that he visited the property on several occasions after purchasing it in 1973 and that the property always had the appearance of a vacant lot until approximately 1984, when Mr. Mann began cutting trees and then built a fence. Waters then immediately contacted Mr. Mann, asking him to stop using the property and to remove the fence. Waters also produced several receipts for the taxes he paid on the property during the years between 1973 and 1987.

Edward and Holly Mann were called as adverse witnesses. Holly Mann admitted that she saw Mr. Waters near the subject property, attempting to dislodge one of the fence posts, although this apparently took place in 1987, after the Manns filed their action. Mr. Mann, however, testified that he had written a letter in 1981 and that the intent of the letter was to inquire about purchasing the subject property.

Finally, Mr. Randal Derifield, the director of community preservation and development for Park Ridge, testified that he was the

recordkeeper for the zoning board of appeals. He then produced several documents, kept in the course of business, which verified that a zoning variance had been sought and obtained by the record titleholder for the 35-foot parcel in question, over the objection of Mr. Nau.

After hearing closing arguments, the trial court ruled in favor of plaintiffs and against defendants, granting Edward and Holly Mann title in fee simple to the 35-foot parcel known as 841 Park Plaine Avenue in Park Ridge, Illinois, and divesting defendants of all interest in the same. It is the final order entered upon this ruling that defendants now appeal.

■■■ There is no dispute, and the trial court correctly held, that the law in Illinois pertaining to the acquisition of title to property by adverse possession requires a showing, by clear and unequivocal evidence, that during the 20-year prescriptive period, possession of the property by the claimant and any predecessors whose possession claimant seeks to "tack" was (1) continuous, (2) hostile or adverse, (3) actual, (4) open, notorious and exclusive, and (5) under a claim of title inconsistent with that of the true owner. (Ill. Rev. Stat. 1989, ch. 110, par. 13—101; *Thorman v. Cross* (1989), 185 Ill. App. 3d 590, 594-95, 541 N.E.2d 840; *Tapley v. Petersen* (1986), 141 Ill. App. 3d 401, 404, 489 N.E.2d 1170.) Each element must have existed concurrently for the full 20-year period before the doctrine shall apply. (*Joiner v. Janssen* (1981), 85 Ill. 2d 74, 81, 421 N.E.2d 170.) Every presumption is in favor of the record titleholder (*Perivoliotis v. Pierson* (1988), 167 Ill. App. 3d 259, 521 N.E.2d 254; *Morris v. Humphrey* (1986), 146 Ill. App. 3d 612, 496 N.E.2d 1209) and to overcome the presumption requires strict proof of the element, which may not be made out by inference or implication. (*In re Estate of Tobin* (1988), 176 Ill. App. 3d 580, 586, 531 N.E.2d 440.) In light of these standards, plaintiffs' proof with respect to the five elements falls short. We find, therefore, that plaintiffs failed to establish their right to the land by adverse possession and that the trial court's finding in favor of plaintiffs was against the manifest weight of the evidence.

■■ Plaintiffs obtained title to the property adjacent to the subject property in 1981 and began using the subject property at that time. Therefore, in order to meet their burden of proof concerning the "continuous" usage of the subject property for the statutory period, plaintiffs were required to show that their predecessors (the Naus) also held the subject property adversely, thereby allowing plaintiffs to link or "tack" their predecessors' possession to that of their own.

■■ Although evidence of the use and control over land is the typ-

ical manner by which any claimant establishes title by adverse possession, it must be clearly shown that the use of the land was adverse and not merely permissive, since permissive use of land, no matter how long, can never ripen into an adverse possessory right. (*Thorman v. Cross*, 185 Ill. App. 3d at 595.) In the present case, the land in question was essentially an unenclosed vacant lot until 1984. Therefore, any use of the property by the Manns until 1984 and by the Naus prior to 1981 was presumptively permissive and not adverse. See *Morris v. Humphrey*, 146 Ill. App. 3d at 615 (use of vacant and unenclosed land is presumed to be permissive).

■ In addition, other evidence contradicted plaintiffs' claim that the use of the property during the 20-year period was hostile and exclusive. To be "hostile" or adverse a claim need not demonstrate any actual ill will, but merely an assertion of ownership incompatible with any other claim of right. In this case, however, there was evidence that Mr. Nau made attempts to purchase the property from the record titleholder. This type of offer to purchase indicates a recognition of a superior title to the property and may be interpreted as a disavowal of the right to possession, which serves to defeat a claim of title by adverse possession. See 3 Am. Jur. 2d, Adverse Possession §§52, 119, at 147-48, 207-08 (1986).

■ Furthermore, it is undisputed that the record titleholder sought and obtained a zoning variance for the subject property from the Village of Park Ridge and that this variance was opposed by Mr. Nau, not on the basis of his claim of right of title to the property. The seeking of a variance was an act of dominion over the property by the record titleholder in 1972, and again in 1973, which served to interrupt the continuity of possession by the Naus. Additionally, recognition of the record titleholder by the Village of Park Ridge casts some doubt on plaintiffs' claim that their possession, and that of their predecessors, was open, notorious and exclusive. See 3 Am. Jur. 2d, Adverse Possession §317, at 411 (1986).

For these reasons we find that the evidence of adverse possession by plaintiffs was insufficient to overcome the presumption in favor of the record titleholder and that the plaintiffs' use of the premises was more aptly characterized as permissive rather than adverse.

The judgment of the circuit court of Cook County is reversed.

Reversed.

COCCIA, P.J., and GORDON, J., concur.

# PARK PLAINE AVENUE

(ASPHALT PAVEMENT)

VIRGINIA AVENUE

(ASPHALT PAVEMENT)