# Illinois Official Reports

## Appellate Court

*In re Estate of Cargola*, 2017 IL App (1st) 151823

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF ANNE M. CARGOLA, Deceased (Donna Lynn A. Knorrek, f/k/a Donna Lynn A. Cargola Knorrek, Petitioner-Appellant, v. Kristen Hoeksema, as Special Administrator of the Estate of Anne M. Cargola, and Diane Briese, Respondents-Appellees). |
| District & No. | First District, Sixth Division<br>Docket No. 1-15-1823 |
| Filed | February 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-P-5580; the Hon. James G. Riley, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | McBride Law Offices, P.C., of Arlington Heights (Matthew L. McBride III, of counsel), for appellant.<br><br>Kristen E. Hoeksema, appellee *pro se*.<br><br>Kelley, Kelley & Kelley, of Schaumburg (William F. Kelley, Matthew X. Kelley, and Schott C. Zambo, of counsel), for appellee Diane Briese. |

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Hoffmann and Justice Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following the circuit court of Cook County's dismissal of her complaint to quiet title, petitioner, Donna Lynn A. Knorrek appeals from that dismissal of her claim for adverse possession. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    This matter appears before us following a probate proceeding for the estate of Anne M. Cargola. Cargola died intestate on August 29, 2007. Cargola had only two heirs: her two daughters, Knorrek and respondent, Diane Briese.

¶ 4    On September 27, 2012 Briese filed a complaint, seeking appointment as the administrator of Cargola's estate. On November 1, 2012, Knorrek filed an objection to Briese's complaint and sought appointment of an independent third party as the administrator of the estate. On November 19, 2012, the circuit court appointed respondent-appellee Kristin Hoeksema as special administrator for Cargola's estate.

¶ 5    At issue in this appeal is Cargola's real property, located at 1 North Braintree Avenue in Schaumburg, Illinois (the property). Cargola purchased the property in 1991. The title and mortgage for the property were both solely in Cargola's name.

¶ 6    On July 10, 2013, Knorrek filed a three-count complaint in the circuit court of Cook County for declaratory judgment and to quiet title. Knorrek sought to remove title to the property from the estate of Cargola and to vest title in Knorrek. Count II of the complaint sought to quiet title to the property through adverse possession. On September 10, 2013, Briese filed a motion to dismiss Knorrek's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)). On January 22, 2014, a hearing was held on Briese's motion. The circuit court granted the motion without prejudice, allowing Knorrek to amend her complaint.

¶ 7    On February 20, 2014, Knorrek filed a four-count amended complaint to quiet title for the property. Count II of the amended complaint again sought to quiet title to the property through adverse possession.

¶ 8    In that complaint, Knorrek alleged the following. In 1991, she was involved in lengthy and acrimonious divorce proceedings. She sought to purchase the property, but was concerned that her then-husband would attempt to claim an interest in the property. In an effort to prevent further litigation in her divorce proceedings, Knorrek and Cargola made an arrangement regarding the property. They agreed that Cargola would purchase and hold title to the property, but that Knorrek would be the true owner and possessor of the property. Knorrek transferred the down payment funds to Cargola, who then made the necessary down payment to obtain the mortgage, which was in Cargola's name as the sole borrower. Knorrek has resided at the

property since 1991. Cargola never resided at the property at any time. After the purchase of the property, Knorrek exclusively paid the mortgage, utilities, taxes, and other debts and liabilities associated with ownership of the property. Knorrek reimbursed Cargola for any payments she made in relation to the property. In 2001 and 2003, the mortgage for the property was refinanced. During both refinances, both Knorrek and Cargola were listed as borrowers on the note. Knorrek alleged that she and Cargola both mistakenly believed this arrangement allowed Knorrek to be the legal owner of the property.

¶ 9      In count II of her amended complaint, Knorrek requested that the circuit court find that she is the legal owner of the property through adverse possession. Knorrek argued that for a period in excess of 20 years, 1991 through 2014, she had actual possession of the property openly, continuously, adversely, and under a claim of title which is inconsistent with that of Cargola, satisfying the elements of adverse possession pursuant to section 13-101 of the Limitations Act (735 ILCS 5/13-101 (West 2014)). Knorrek claimed she met the hostility element of adverse possession because Cargola never provided her with permission to reside at the property.

¶ 10      On March 5, 2014, Briese filed a motion to dismiss Knorrek's amended complaint pursuant to section 2-615 and alleged that Knorrek failed to state a cause of action. In her motion, Briese argued that Count II of Knorrek's amended complaint should be dismissed because Knorrek pled permissive use of the property when she described the agreement with Cargola. Briese argued that this negated the hostility element required for an adverse possession claim.

¶ 11      On May 27, 2014, a hearing was held on Briese's motion. The circuit court granted the motion with respect to counts I and II of Knorrek's complaint, which were dismissed with prejudice for failure to state a cause of action upon which relief can be granted. The circuit court denied the motion for counts III and IV, allowing Knorrek to amend those counts.

¶ 12      On May 27, 2015, the circuit court dismissed counts III and IV of Knorrek's complaint, which dismissed the complaint in its entirety.

¶ 13      On June 23, 2015, Knorrek filed a notice of appeal, challenging the circuit court's dismissal of her amended complaint only as to count II. She argues before us that the circuit court erred in dismissing her amended complaint because she adequately alleged a claim of adverse possession.

¶ 14                                  ANALYSIS

¶ 15      We note that we do have jurisdiction to review the circuit court's dismissal of count II from Knorrek's amended complaint on May 27, 2014, because she filed a timely notice of appeal following entry of a final order on May 27, 2015, dismissing the amended complaint in its entirety. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994).

¶ 16      A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint based upon defects apparent on its face. 735 ILCS 5/2-615 (West 2014); *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47 (citing *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006)). Accordingly, we review the circuit court's order granting a motion to dismiss, *de novo*. *Id.* In reviewing the sufficiency of a complaint, we accept all well-pleaded facts as true, and we construe the allegations of the complaint in the light most favorable to the plaintiff. *Id.* Dismissing a cause of action pursuant to section 2-615 is proper when it is clearly apparent that no set of facts can be proved that would entitle a plaintiff to recover. *Id.*

¶ 17    We note that there are no transcripts in the record for the May 27, 2014, hearing, at which count II was dismissed. Ordinarily, in the absence of transcripts, it is presumed that the circuit court acted in conformity with the law. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. However, we are free under our *de novo* standard of review to make our own determinations of law regardless of the presence or absence of transcripts. *Id.* The sole issue before us is whether Knorrek adequately pled a claim of adverse possession in count II of her amended complaint.

¶ 18    To establish title by adverse possession, the party must possess the disputed property for 20 years pursuant to section 13-101 of the Limitations Act (735 ILCS 5/13-101 (West 2014)). *Miller v. Metropolitan Water Reclamation District of Greater Chicago*, 374 Ill. App. 3d 188, 190 (2007). The party must prove that the possession was: " '(1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious and exclusive; and (5) under a claim of title inconsistent with that of the true owner.' " *Id.* (quoting *General Iron Industries, Inc. v. A. Finkl & Sons Co.*, 292 Ill. App. 3d 439, 441 (1997)).

¶ 19    Briese's motion to dismiss argued that Knorrek failed to state a cause of action for adverse possession because she pled facts alleging permissive, not hostile or adverse, use of the property. To satisfy the hostile or adverse element of acquiring title by adverse possession, a claimant need not demonstrate any actual ill will between herself and the true property owner but merely an assertion of ownership incompatible with any other claim of right. *Mann v. La Salle National Bank*, 205 Ill. App. 3d 304, 309 (1990). "Although evidence of the use and control over land is the typical manner by which any claimant establishes title by adverse possession, it must be clearly shown that the use of the land was adverse and not merely permissive ***." *Id.* (citing *Thorman v. Cross*, 185 Ill. App. 3d 590, 595 (1989)). Where the property is used with the permission of the owner, possession is not hostile or adverse. *527 S. Clinton, LLC v. Westloop Equities, LLC*, 403 Ill. App. 3d 42, 49 (2010).

¶ 20    In her brief, Knorrek argues that Cargola never gave her permission to reside at the property. She claims that by residing there openly and acting as the property's owner, her actions were inconsistent with Cargola's title so as to satisfy the hostile or adverse element. Knorrek directs us to a recent case of the Fourth District of this court, *Brandhorst v. Johnson*, 2014 IL App (4th) 130923. In *Brandhorst*, the Fourth District stated "[i]t is inconsistent with a private party's ownership of a piece of land for a non-owner to maintain and assert dominion over the land *without any agreement* to do so. *** What matters is that plaintiff's actions were incompatible with [the owner's] ownership of the land at issue." (Emphasis added.) *Id.* ¶ 46.

¶ 21    Knorrek's reliance on this case is misplaced. Unlike *Brandhorst*, Knorrek pled facts in her amended complaint that clearly express an agreement between herself and Cargola. The amended complaint greatly details the arrangement where Cargola agreed to actually purchase the property for Knorrek while she was involved in divorce proceedings. Even if the agreement was initially intended to only be temporary, permission to use land can never ripen into a claim for adverse possession. *Morris v. Humphrey*, 146 Ill. App. 3d 612, 615 (1986). Further, in the many years since the property was purchased there was ample time to change title from Cargola to Knorrek, if the divorce proceeding was the reason for vesting title in Cargola.

¶ 22    Despite Knorrek stating in both her amended complaint and her brief that Cargola never gave her permission to reside at the property, the facts that she pled tell a different story. The facts show that Cargola consented to Knorrek's occupancy and possession of the property. It cannot be said that Cargola would accept reimbursements from Knorrek for expenses related to

- 4 -

the property while not *permitting* Knorrek to possess the property. The allegations in Knorrek's amended complaint are wholly inconsistent with her claim that Cargola did not consent to her possession of the property.

¶ 23    Additionally, Knorrek pled that the mortgage for the property was refinanced in 2001 and 2003, and that both her and Cargola's name were on the note each time. While Knorrek argues that this act led her and Cargola to believe that title had passed to her, we find that argument perplexing. On the other hand, both Briese and Hoeksema argue that this act of jointly refinancing demonstrates Knorrek's acknowledgment of Cargola's superior title to the property, and therefore she cannot be an adverse possessor. We agree. The adverse possessor must act without recognition of the true owner's superior title to the property. *Mann*, 205 Ill. App. 3d at 310.

¶ 24    As pled by Knorrek on the face of her amended complaint, Cargola permitted Knorrek to reside at the property. Even if Knorrek's actions satisfied all of the other elements of adverse possession, her use of the property would still be permissive and therefore, not hostile or adverse.[1] Her failure to plead this element is fatal to her adverse possession claim.

¶ 25    While we find that Knorrek has failed to meet the strict standards of adverse possession of the property, we do not opine on whether or not she may be able to proceed through some other legal means or cause of action.

¶ 26    Accordingly, accepting the facts pled in Knorrek's amended complaint as true, she has failed to state a cause of action for adverse possession. Thus, the circuit court did not err in dismissing count II of the amended complaint.

¶ 27                                        CONCLUSION
¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.

---

[1]After establishing that Knorrek pled facts negating the required element of being hostile or adverse for a claim of adverse possession, there is no need for us to review the other elements of adverse possession as related to this case.