NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230677-U

Order filed October 16, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| HAROLD CAZAUBON and BARBARA CAZAUBON, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| | ) | Appeal No. 3-23-0677 |
| v. | ) | Circuit No. 23-CH-46 |
| | ) | |
| LORENZO BLOSSOMGAME and STEPHANIE BLOSSOMGAME, | ) ) ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice McDade and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The trial court erred in granting defendants' section 2-619(a)(9) motion to dismiss where defendants argued for dismissal based on a factual dispute surrounding the elements of plaintiffs' adverse possession claim and failed to assert an affirmative matter that defeated the action. We reverse and remand for further proceedings.

¶ 2    Plaintiffs, Harold and Barbara Cazaubon, brought an action to quiet title to a disputed portion of their residential lot, claiming ownership through adverse possession. Defendants Lorenzo and Stephanie Blossomgame filed a motion to dismiss pursuant to section 2-619(a)(9) of

the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)), which the trial court granted on the basis that plaintiffs failed to prove the elements of adverse possession. Plaintiffs appeal, claiming the trial court erred in dismissing the complaint where defendants' motion failed to assert an affirmative matter that defeated their adverse possession claim. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        The Cazaubons own a residential lot in Villa Park, Illinois, known as 707 S. Riverside (parcel 707) that they purchased in 2021 from Eva Fricke. The Blossomgames purchased the adjacent parcel to the south of parcel 707, known as 709 S. Riverside (parcel 709), in 2016 from Akhter and Sheema Hussaini.

¶ 5        The Cazaubons' parcel contains an asphalt driveway and a detached garage along the south side of the property. As shown in the survey attached to the Cazaubons' complaint, a small portion of the driveway and the garage extends onto the Blossomgames' property. The driveway encroaches onto parcel 709 by 2.45 feet to 3.25 feet and the garage intrudes by 1.18 feet to 1.97 feet, running west to east along the property line (hereinafter referred to as the "disputed property").

¶ 6        In 2023, the Cazaubons filed a quiet title action, seeking to obtain title to the disputed property based on a claim of adverse possession. In their complaint, plaintiffs alleged that the driveway had been in existence along the border between the two parcels for "at least 67 years" and that "[f]or more than 20 years, [p]laintiffs, or their predecessors-in-title, have exercised continuous, hostile or adverse, actual, open, notorious, and exclusive possession of the [d]isputed [p]roperty under claim of title inconsistent with that of the title owner." Plaintiffs asserted that they or their predecessors-in-title: (1) constructed, sealed, and repaired the driveway; (2) constructed,

2

painted, and repaired the garage; (3) removed snow and leaves from the driveway; and (4) used the driveway and garage exclusively, indicating to neighbors that they possessed and claimed ownership of the disputed property. They further claimed that the Blossomgames and their predecessors-in-title never used any part of the driveway or the garage.

¶ 7 Without answering the complaint, the Blossomgames filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code. In their motion, defendants claimed that "[p]laintiffs' complaint fails to support elements of adverse possession," arguing that they and the Hussainis gave plaintiffs and Fricke consent to extend the driveway and the garage onto parcel 709 and that plaintiffs maintained that portion of the driveway and the garage with their permission. The Blossomgames also attached a copy of their title insurance policy issued in 2016, describing the real property without exception for the driveway and garage encroachment, and an estoppel affidavit signed by the Hussainis. Akhter and Sheema Hussaini signed the estoppel affidavit in September 2015 and filed it with the Du Page County Recorder of Deeds on January 7, 2016. In the affidavit, they averred that they were the "Owners" of parcel 709 and that:

"Neither the Owner's title to nor possession of the Property have ever been disputed or questioned nor is the Affiant aware of any facts by reason of which the title to, or possession of, the Property or any part of it or any personal property located on it might be disputed or questioned or by reason of which any claim to the property or any portion of it or any personal property located on it might be adversely asserted, except as noted above."

¶ 8 At the hearing on the Blossomgames' motion, defense counsel argued that a claim of adverse possession requires proof of several elements, maintaining "there was [*sic*] just some elements there that were missing that would make this ripe for a determination under 2-619 that were evidentiary somewhat in nature." Counsel went on to explain:

3

"And just to recap a couple of these, the one about the support [of] the element of adverse possession, about continuous, 20-year continuous, possession and claim of title, and the complaint doesn't really talk to that at all. It just assumes that because some of these improvements or one of the improvements had been there for over 20 years that that [*sic*] constituted grounds for adverse possession. And we dispute that by evidentiary [*sic*] in the affidavit and are raised in on the motion that that wasn't alleged or established to a degree to go to trial on on [*sic*] that sort of issue."

The Blossomgames also claimed that their permission destroyed the Cazaubons' claim for adverse possession by refuting the element of hostile ownership.

¶ 9     Counsel for the Cazaubons argued that a section 2-619 motion, by definition, raises an affirmative matter and that the Blossomgames had failed to argue or assert an affirmative matter, choosing instead to attack the sufficiency of the complaint. The Cazaubons maintained that such an argument was inappropriate in a section 2-619 setting.

¶ 10    The trial court discussed the parties' arguments and then noted that one of the requirements in an action for adverse possession is a claim of right. Upon inquiry as to the Cazaubons' claim of right, counsel responded that evidence of an assertion of right based on adverse possession supported their quiet title claim. The court then stated: "That's not legally a claim of right." Counsel disagreed, and the following discussion occurred:

"THE COURT: That's not legally a claim of right.

MR. MCGINTY [(PLAINTIFFS' ATTORNEY)]: If we didn't have [a claim of] right, we couldn't have built on it, your Honor.

THE COURT: That is a logical fallacy. I'm looking at two surveys.

MR. MCGINTY: Yes.

4

THE COURT: One of the plaintiffs' property and one of the defendants' property.

MR. MCGINTY: Yes.

THE COURT: They both show an encroachment by your clients on to the property of the defendants. Is that not true?

MR. MCGINTY: Yes. It's been there for 70 years.

THE COURT: Are they alleging that this was done without permission?

MR. MCGINTY: Yes, your Honor. It was done without permission for decades before allegedly the defendants gave their permission, giving permission after adverse possession arises does not negate our adverse possession claim."

¶ 11 After a brief response by defense counsel, in which he again argued consent and the Cazaubons' failure to prove hostile possession, the court concluded the following:

"I'm looking at the estoppel affidavit which was filed with the Recorder's Office in 2016. And I think that that affidavit belies the allegations in the complaint.

I'm going to grant the motion to dismiss. I believe that all of the documents attached to the motions which are matters of record indicate that contrary to the allegations of the complaint, the use of the driveway was not consistent with the elements of adverse possession. So I'm going to grant the motion to dismiss."

¶ 12 The Cazaubons moved to reconsider. The trial court denied their motion, and plaintiffs appeal.

¶ 13 II. ANALYSIS

¶ 14 The Cazaubons argue that the trial court erred in granting the Blossomgames' motion to dismiss pursuant to section 2-619(a)(9). They contend that dismissal was improper because the Blossomgames failed to assert an affirmative matter that defeated their adverse possession claim.

5

¶ 15    To establish title by adverse possession, a plaintiff must prove possession of the disputed property for a period of 20 years (735 ILCS 5/13-101 (West 2022)) and that his or her possession was (1) continuous; (2) hostile; (3) actual; (4) open, notorious, and exclusive; and (5) under a claim of title inconsistent with that of the true owner (*Beverly Trust Co. v. Dekowski*, 216 Ill. App. 3d 732, 736 (1991)). The plaintiff must demonstrate that each element existed concurrently for the full statutory period. *Tapley v. Peterson*, 141 Ill. App. 3d 401, 404 (1986). Adverse possession by successive possessors of property who were in privity can be combined to establish continuous possession. *McNeil v. Ketchens*, 397 Ill. App. 3d 375, 394 (2010). However, possession is not "hostile or adverse" where the property is used with the owner's permission. *In re Estate of Cargola*, 2017 IL App (1st) 151823, ¶¶ 19, 21 (permission to use another person's land can never ripen into an adverse possession claim).

¶ 16    Section 2-619(a)(9) provides "a means of obtaining *** a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact." (Internal quotation marks omitted.) *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993). A section 2-619(a)(9) motion assumes the allegations in a complaint are true but asserts that the plaintiff's cause of action is barred by "other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022); see also *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009) (section 2-619(a) motion admits the legal sufficiency of the complaint but asserts an affirmative matter outside the complaint that defeats the cause of action). An "affirmative matter" means "any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Hodge*, 156 Ill. 2d at 115.

¶ 17    Properly asserted, an affirmative matter defeats an alleged cause of action completely by refuting conclusions of law or unsupported conclusions of material fact contained in the complaint

rather than contesting an ultimate fact stated in the complaint. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008) (citing 4 R. Michael, Illinois Practice § 41.7 at 332 (1989)). Dismissal under section 2-619(a)(9) is appropriate only if an affirmative defense negates the plaintiff's claim. See *Hodge*, 156 Ill. 2d at 115; see also *Wagner v. Board of Education of North Shore School District 112*, 2023 IL App (2d) 220277-U, ¶ 32 ("If a section 2-619(a)(9) motion, and the evidence in support of that motion, does nothing more than refute the well-pleaded allegations of the complaint, the complaint trumps the evidence and dismissal is improper."). "Section 2-619(a)(9) is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based 'mini-trial' on whether plaintiff can support his allegations[.]" *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 42. We review the dismissal of a complaint under section 2-619 *de novo. Smith*, 231 Ill. 2d at 115.

¶ 18        In this case, the Cazaubons claim title to the disputed property by adverse possession. In their complaint, they alleged that the disputed property contained a small portion of their driveway and detached garage and that their use of the disputed property was exclusive. They further alleged that they, and their predecessors-in-interest, exercised continuous, hostile, open, and notorious possession of the property for 20 years. In response, the Blossomgames filed a motion to dismiss challenging the continuous nature of plaintiffs' possession. They further argued that the Cazaubons' use of the property was permissive, not hostile, and therefore plaintiffs could not sustain an adverse possession claim. Their motion did not admit the legal sufficiency of plaintiffs' complaint but instead challenged the elements of adverse possession and argued that the Cazaubons failed to establish a cause of action.

¶ 19        In addition, the affidavits attached to defendants' motion merely refuted the well-pleaded allegations in plaintiffs' complaint. The Blossomgames included two affidavits as evidence: (1)

7

Stephanie's affidavit, in which she averred that she gave the Cazaubons permission to use the disputed property, and (2) the Hussainis' estoppel affidavit, in which their predecessors-in-interest stated that they had no knowledge of an adverse possession claim. This evidence does not constitute an "affirmative matter" with section 2-619(a)(9). The affidavits raised a factual dispute as to essential elements of the Cazaubons' adverse possession claim—whether plaintiffs' possession was continuous and whether their possession of the disputed property was hostile, open, and notorious. See *Tapley*, 141 Ill. App. 3d at 404 (each element of adverse possession must exist concurrently for the full 20-year period); see also *In re Estate of Cargola*, 2017 IL App (1st) 151823, ¶ 19 (permissive use is not "hostile" possession). Even defense counsel, in his argument to the trial court, maintained that the Blossomgames' assertions negated the adverse possession allegations in the complaint, which must be taken as true for purposes of a section 2-619 dismissal. Because the Blossomgames' motion and supporting evidence attempt to refute the well-pleaded allegations in plaintiffs' complaint and create a "mini-trial" on the adverse possession claim, dismissal under section 2-619(a)(9) was improper.

¶ 20    In closing, the record indicates the trial court may have believed dismissal was appropriate on the basis that a claimant seeking quiet title must have legal title to the property *before* he or she can pursue a quiet title claim. It is well-settled that title acquired by adverse possession may be used as a basis for an action to quiet title. See *Joiner v. Janssen*, 85 Ill. 2d 74, 80-82 (1981); *Yeates v. Daily*, 13 Ill. 2d 510, 514 (1958). As our supreme court has emphasized:

> "Title may be quieted and clouds may be removed from the title to lands acquired by adverse possession. Such an owner may successfully use title acquired by adverse possession in an offensive action. Such a title may be asserted against all the world,

8

including the owner of record." (Internal quotation marks omitted.) *Scales v. Mitchell*, 406 Ill. 130, 136 (1950).

In asserting adverse possession, a party seeks a right to title in derogation of the right of the true owner; a deed is not required to support the claim of ownership. *Joiner*, 85 Ill. 2d at 80-81.

¶ 21　　As the above precedent demonstrates, title acquired by adverse possession may be used as a basis for an action to quiet title regardless of legal title; the quiet title action is the vehicle through which an adverse possession claim can be made. Here, the Cazaubons' complaint asserted title to the property based on a claim that their predecessors-in-interest had adversely possessed the disputed property for the requisite 20-year period. This was an appropriate method of asserting their quiet title claim. Thus, to the extent the trial court granted the Blossomgames' motion to dismiss based on the Cazaubons' lack of legal title, the trial court erred in dismissing their complaint.

¶ 22　　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County dismissing plaintiffs' complaint, and remand for further proceedings.

¶ 24　　Reversed and remanded.